# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DAVID PRESCOTT, )
 )
    Petitioner, )
 )
v. ) Case No. CV408-198
 )
WARDEN CHASE and )
THE ATTORNEY GENERAL OF )
THE STATE OF GEORGIA, )
 )
    Respondent. )

## REPORT AND RECOMMENDATION

David Prescott, who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, has petitioned the Court over the respondents' opposition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) For the following reasons, the petition should be **DENIED**.[1]

---

[1] Prescott has been shuffled around the Georgia prison system over the past few months. Certain documents had been returned to the Court as undeliverable. (Doc. 14.) Consequently, the Court recommended by Report and Recommendation ("R&R") that the case be dismissed for Prescott's failure to keep it apprised of his current mailing address. (Doc. 15.) The R&R was adopted initially, (doc. 18), but later vacated, (doc. 22), after petitioner demonstrated that he was still incarcerated.

## I.   <u>BACKGROUND</u>

Prescott, who pled guilty to two counts of selling cocaine, was sentenced to fifteen years' imprisonment on each count, set to run concurrently. (*Id.* at 1.) The sentencing judge later entered a nunc pro tunc order dismissing the second count due to an error in the indictment. (Doc. 13-3 at 65.) Prescott was still sentenced to fifteen years' imprisonment on the first count. (*Id.*)

Prescott did not file a direct appeal, (doc. 12 at 7), choosing instead to file a state habeas petition, which was denied. (Doc. 13-2 at 1-15.) Prescott's application for a certificate of probable cause to appeal the state habeas court's determination was also denied. (Doc. 13-3 at 31.) He then filed two more state habeas petitions. (*Id.* at 33, 49.) He voluntarily dismissed the first. (*Id.* at 46.) The state habeas court denied his second petition as successive, (*id.* at 68-71), and the Supreme Court of Georgia again denied review. (*Id.* at 74.)

Prescott then filed this federal habeas petition, asserting four grounds for relief:

(1)   (a) the indictment was flawed, and (b) the nunc pro tunc order correcting the flawed indictment and sentence should have vacated some of his sentence;

(2)    he was subjected to double jeopardy because the charges
       against him were dismissed on April 29, 2003 but reinstated
       in June 2003;

(3)    counsel was ineffective for failing to: (a) investigate the case
       properly, (b) visit him in prison or answer phone calls, (c)
       obtain certain evidence; and

(4)    (a) he would not have pled guilty if he knew that he could
       only be charged for one count of sale of cocaine, (b) counsel
       and the prosecutor misled him as to the possibility of facing a
       life sentence, and (c) his arrest was invalid, as the arrest
       warrants were not dated.

(Doc. 1 at 5-14.)

## II.   <u>**STANDARD OF REVIEW**</u>

The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") placed "a new constraint on the power of a federal habeas

court to grant a state prisoner's application for a writ of habeas corpus

with respect to claims adjudicated on the merits in state court."

*Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bell v. Cone*, 535 U.S. 685,

693 (2002) (AEDPA was intended "to prevent federal habeas 'retrials'

and to ensure that state-court convictions are given effect to the extent

possible under law."); *see Peterka v. McNeil*, 532 F.3d 1199, 1200-01

(11th Cir. 2008) (under AEDPA a federal court's review of a state court

ruling is "greatly circumscribed and highly deferential to the state

courts") (citation omitted); *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1290 (11th Cir. 2008) (AEDPA limits a federal court's review of a state court's decisions "and establishes a general framework of substantial deference for reviewing every issue that the state courts have decided.") (citations omitted). These restrictions on federal habeas review are set forth in 28 U.S.C. § 2254(d), which provides that a federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The "threshold question" under § 2254(d)(1) is whether the habeas petitioner is seeking to apply a rule of law that was clearly established at the time his state court conviction became final. *Williams*, 529 U.S. at 390. Since the statute expressly provides that only pronouncements "by the Supreme Court of the United States" qualify as "clearly established Federal law," 28 U.S.C. § 2254(d)(1), a federal habeas court may not look

to the "the case law of the lower federal courts" in determining what federal law is "clearly established." *Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). Further, the statute "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. These "holdings -- the exclusive touchstone for clearly established federal law -- must be construed narrowly and consist only of something akin to on-point holdings." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). Unless a prior Supreme Court decision "squarely addresses" the issue presented in the habeas case, *Wright v. Van Patten*, 552 U.S. 120, 128 S. Ct. 743, 746 (2008), or establishes a legal principle that "clearly extend[s]" to the conduct at issue in that case, then it cannot be said that the law is clearly established under AEDPA. *Id.* at 745; *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009). Thus, "federal courts may no longer extract clearly established law from the general legal principles developed in factually distinct contexts." *House*, 527 F.3d at 1017. If the federal habeas court makes a threshold determination that the law was not clearly established at the time the state court issued its decision, then that finding is dispositive in the § 2254(d)(1) analysis, and there is

no need for the Court to assess whether the state court's decision conflicts with controlling United States Supreme Court authority *Id.*

But where the Supreme Court has decided the issue addressed by the state court, the federal habeas court must determine whether the state court's decision is "contrary to" or involves an "unreasonable application" of the controlling precedent. These § 2254(d)(1) clauses have independent meaning and furnish separate bases for reviewing a state court's decisions. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 404-05; *Putnam*, 268 F.3d at 1241 (11th Cir. 2001). A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13. In contrast, a state court decision involves an "unreasonable application" of clearly established federal law where it correctly identifies the governing legal rule from the Supreme Court's cases but applies it unreasonably to the facts of the particular prisoner's case. *Id.* at 407-08, 413. Thus, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the state court's application of Supreme Court precedent must be "objectively unreasonable." *Id.* at 409; *Bell*, 535 U.S. at 694; *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). That presents "a substantially higher threshold" than the pre-AEDPA standard. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal courts also must presume state court factual findings to be correct unless they are rebutted by the petitioner "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This statutory presumption of correctness applies to findings of fact made by both state trial and appellate courts. *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007). Such deference does not apply, however, to mixed determinations of law and fact. *Parker*, 244 F.3d at 836.

Finally, a state court's decision rejecting a constitutional claim on the merits is entitled to deference even if the decision is summary in nature and offers no discussion of the court's reasoning. *Wright v. Moore*, 278 F.3d 1245, 1253-54 (11th Cir. 2002) (two-sentence opinion affirming defendant's conviction constituted a rejection of his claim on

the merits so as to warrant deference); *Parker*, 331 F.3d at 776 ("the summary nature of [the] decision does not lessen the deference that it is due").

## III. ANALYSIS

Prescott offers no cognizable § 2254 claims, since his contentions were either waived by his guilty plea or are procedurally defaulted.

### A. Guilty Plea and Waiver

In considering the first state habeas petition, the state superior court judge found that all of Prescott's pre-guilty-plea claims were waived. (Doc. 13-2 at 14.) As noted above, this Court must review the state habeas court's determination through the lens of clearly established federal law. Here, that law arises from *Boykin v. Alabama*, 395 U.S. 238 (1969), and *Tollett v. Henderson*, 411 U.S. 258 (1973).

Prescott invokes *Boykin* by directly attacking his guilty plea. He argues in Ground 4(a) that he would not have plead guilty had he known that he could only be charged with one count of sale of cocaine. Next, in Ground 4(b) he states that his attorney and the state's prosecutor scared him into accepting the plea deal by threatening him with a life sentence. (Doc. 1 at 10.)

In *Boykin*, the United States Supreme Court held that a guilty plea must be knowingly and voluntarily entered into to be valid. 395 U.S. at 242. To show that a plea was knowingly and voluntarily entered, the record must demonstrate that the defendant's plea was informed, voluntary, and made with an understanding of the rights waived by the plea, specifically the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Id.* at 243. Applying *Boykin*, the state habeas court found that Prescott's plea was knowing and voluntary. (Doc. 1 at 14.) Specifically, it noted that at his plea hearing Prescott

> responded in the affirmative when asked whether he could hear and understand [the sentencing judge's] statements and questions to him. He denied being under the influence of any narcotics, alcohol, drugs, or pills of any kind. Petitioner testified that no one, including Counsel, had made any threats or promises to him to influence him to plead guilty. Petitioner responded in the affirmative when asked whether he was satisfied with Counsel's services. Petitioner's claim that Counsel "scared" him into entering a guilty plea was without merit.

(Doc. 13-2 at 14.) The record supports the state habeas court's determination. (Doc. 13-2 at 50-55 (plea hr'g).)

Despite his contention that he was coerced into his plea based upon improper threats of a life sentence, his attorney, the state habeas judge,

and the state plea and sentencing judge, correctly noted that Prescott indeed faced a life sentence because of his extensive criminal record. O.C.G.A. § 16-13-30(d) ("Upon conviction of a second or subsequent [drug dealing] offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment.") Moreover, the following colloquy was recorded at sentencing:

JUDGE: Now, this particular charge, because of your prior convictions, carries a sentence of anywhere between ten to forty years, or life, in prison. Do you understand that?

PRESCOTT: Yes, sir.

JUDGE: I want to make sure you understand that if you were — went through a trial before a jury, although you're charged with two separate counts on this indictment, you actually could only be convicted of one of these counts because of the way this case has been indicted. Do you understand that?

PRESCOTT: Yes, sir.

JUDGE: Again, carries a ten to forty year, or life, sentence. Do you understand that?

PRESCOTT: Yes, sir.

(Doc. 13-2 at 51.) Prescott acknowledged that he could only be charged with one of the two distribution charges prior to his entering his plea and

that he faced a life sentence based upon that one charge. His solemn declarations before the sentencing judge carry a strong presumption of verity and rightly constitute a "formidable barrier" for Prescott to overcome in these collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). With nothing but conclusory assertions which are directly contradicted by the record (e.g., he would not have plead guilty had he known he only faced one charge—ground 4(a)), Prescott has not overcome that presumption. *See, e.g.*, *Byrd v. United States*, 2008 WL 4326533 at * 3 n. 5 (S.D. Ga. Sept. 22, 2008) (unpublished).

That does not end the inquiry, however. Prescott contends in ground 3 that his counsel's pre-plea advice fell below Sixth Amendment requirements. (Doc. 1 at 8.) In examining these pre-plea deficient performance claims, the Court is mindful of *Tollett*, which held that criminal defendants who enter an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267. Instead, such a defendant may only attack the plea itself by showing that the advice he received from his counsel undermined "the voluntary and intelligent character of the plea." *Id*.

In determining whether counsel's advice undermined the plea, the Court relies upon *Hill v. Lockhart*, 474 U.S. 52 (1985), which advanced a slightly modified version of the ineffective assistance of counsel test first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Where a petitioner entered a plea of guilty, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett*, 411 U.S. at 267. Second, petitioner must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59.

Here, Prescott claims that his counsel was ineffective for failing to investigate the case properly, accept any phone calls, and provide him with the audio and video evidence underlying his charges. (Doc. 1 at 8.) Neither in his petition nor in his supporting brief, however, does Prescott advance in a non-conclusory manner how any of those failures were prejudicial (i.e., how they tainted the voluntariness and intelligence of his plea). (Docs. 1 & 3.) While reviewing Prescott's ineffectiveness

claims, the state habeas court noted that "[t]hrough his investigation, counsel learned that petitioner signed a confession after his *Miranda* warnings were read to him, and the state had audio and video tape evidence of the sales of cocaine. Counsel also learned that petitioner had six prior felony convictions." (Doc. 13-2 at 12.) Faced with such overwhelming evidence of guilt, counsel's supposed failures, even if true, appear to have been non-prejudicial, Prescott's conclusory assertions to the contrary notwithstanding. After reviewing the record, this Court cannot dispute the state habeas court's finding that counsel acted effectively. (Doc. 13-2 at 14.)

Based upon the record, this Court is satisfied that the state habeas court reasonably applied Supreme Court authority in finding that Prescott's plea was voluntary and intelligent. Consequently, grounds 3, 4(a), and 4(b), which attack his plea, are meritless.[2] Since Prescott's attacks upon his guilty plea are meritless, he has failed to show that he is entitled to federal habeas relief on any of his pre-plea, non-jurisdictional grounds for relief. Thus, grounds 1(a) (invalid indictment) and 4(c)

---

[2] Moreover, grounds 3(b) and (c) are procedurally defaulted, as discussed below.

(invalid arrest), which present non-jurisdictional claims,[3] were waived by the plea and furnish no basis for habeas relief.

## B.    Procedural Default

Prescott's remaining claims are procedurally defaulted and should be denied.

The federal courts' respect of state procedural default rules is rooted in Supreme Court precedent. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

---

[3] Ground 1(a) asserts that the indictment was flawed. Errors in an indictment *may* be jurisdictional. For instance, where an indictment entirely fails to charge a crime, a trial court would have no subject matter jurisdiction over the case. *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980). Here, however, Prescott does not assert such a claim. Instead, he complains of an indictment that was not supported by an arrest warrant; he seems to believe the lack of an arrest warrant undermines the indictment, but his reasoning is far from clear. (Doc. 3.) Such flaws do not deprive a court of the power to hear a case and thus are not "jurisdictional." *See United States v. Cotton*, 535 U.S. 625, 631 (2002). Since the errors are non-jurisdictional, they were waived by Prescott's guilty plea. Moreover, the errors were cured by the sentencing judge.

*Id.* at 750. Echoing that holding, the Eleventh Circuit has stated that a § 2254 petitioner who fails to properly raise his federal claims in state court is "procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

"Such procedural default can arise two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Id.* (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992)). "Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court." *Id.* (citing *Snowden v. Singletary*, 135 F.3d 736, 737 (11th Cir. 1998)).

### 1. *Grounds Raised Before the State Court*

In ground 1(b), Prescott alleges that the nunc pro tunc order that corrected the clerical error in his sentence should have vacated part of

his sentence. (Doc. 1 at 5; doc. 3 at 1-2.) Although it is unclear from his federal petition exactly which constitutional right Prescott believes the nunc pro tunc order violated, it is unimportant, as the claim is clearly procedurally barred.

In his most recent state habeas petition, Prescott raised the same ground for relief. (Doc. 13-3 at 60.) As noted by the state court, that claim was "new and could reasonably have been raised in the original habeas corpus action, but [was] not." (*Id.* at 71.) Consequently, the state court held that the claim was barred under O.C.G.A. § 9-14-51, Georgia's successive petition rule, which requires a petitioner to raise all grounds for relief in his initial or amended state habeas petition. Any grounds not raised are considered defaulted, unless state or federal constitutional law requires review or unless the claim could not have reasonably been raised in the original petition. *Id.* Since "the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar, i.e., an adequate and independent state ground," *Bailey*, 172 F.3d at 1303, this Court must respect its determination. *Atkins*, 965 F.2d at 956 ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court

to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.") (citation omitted).

Nevertheless, if Prescott can demonstrate that he qualifies for an exception to the bar, this Court must review his claims. *See Bailey*, 172 F.3d at 1302. To qualify for an exception, Prescott must demonstrate cause and prejudice for his state court procedural default.[4] *Johnson v. Singletary*, 938 F.2d 1166, 1174–75 (11th Cir. 1991).

Prescott argues that the claim could not have been raised in the initial habeas petition because the nunc pro tunc order was not available until after the first state habeas court's hearing. (Doc. 3 at 1.) Specifically, he states that the nunc pro tunc order was entered on October 19, 2004, but the state habeas court hearing was on October 13,

---

[4] Actual innocence can also excuse a procedural default. *Johnson*, 938 F.2d at 1174-75. "To meet this standard, a [petitioner] must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (quoting *Murray*, 477 U.S. at 496). Actual innocence refers to factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (quotations and citations omitted). The Supreme Court has indicated that a petitioner must present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Prescott puts forward no evidence of actual innocence, so his procedural default cannot be excused on this ground.

2004.  (*Id.*)  He is mistaken.  The nunc pro tunc order was entered on October 11, 2004, and was discussed at the hearing on several occasions. (Doc. 13-2 at 23-24.)  Prescott could have raised the issue during his state habeas proceedings, but did not.  Nor is there any record of an attempt to amend his state habeas petition to reflect such a claim.  Consequently, he has not established cause and prejudice excusing his procedural default of ground 1, so it should be denied.

Moreover, the sentencing judge explicitly advised Prescott at the entry of the plea and sentencing hearing that he could only be sentenced on one of the charges based upon the flawed indictment.  (Doc. 13-2 at 50-51.)  The nunc pro tunc order was not entered to "unconstitutionally" cure the flawed indictment; instead it corrected the sentencing judge's clerical error, which mistakenly sentenced Prescott on both counts and set the sentences to run concurrently.  (Doc. 13-3 at 65.)

### 2.  *Unexhausted Claims*

Prescott raises several claims in his federal habeas petition that he never raised in state court during his state habeas proceedings. Specifically, he contends that he was submitted to double jeopardy because the charges against him were dismissed on April 29, 2003 but

reinstated in June 2003 after his bond hearing (ground 2),[5] and that counsel was ineffective for failing to visit him in prison, answer phone calls, or obtain certain evidence (grounds 3(b)&(c)). (Doc. 1 at 6, 8.)    In addition to having waived these claims by pleading guilty, these claims are procedurally defaulted.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("To properly exhaust a claim, 'the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.'"); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").    Because Prescott

---

[5] Prescott raised a different double jeopardy claim during his state habeas proceedings.  He argued that his indictment was duplicitous, and since he was charged twice for the same crime, he was subjected to double jeopardy.  (Doc. 13-3 at 59.)

failed to raise the above grounds during any of his state proceedings, they are unexhausted.

Although ordinarily a federal court must require a habeas petitioner to present his unexhausted claims to a state court, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," the federal court "can forego the needless 'judicial ping-pong'" by applying the state's procedural bar rule for the state court where there is no "reasonable possibility that an exception to the procedural bar may still be available to the petitioner." *Snowden*, 135 F.3d at 736, 737; *Bailey*, 172 F.3d at 1305 ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). "The unexhausted claims should be treated as if procedurally defaulted." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (citing *Bailey*, 172 F.3d at 1302).

No purpose would be served by requiring Prescott to return to the state courts in an effort to exhaust the claims first presented in his

federal petition, for it is clear a state habeas court would find these claims to be procedurally defaulted. As noted above, under Georgia's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Any grounds not raised are considered defaulted, unless state or federal constitutional law requires review or the claim could not have reasonably been raised in the original petition. *Id.* Prescott did not raise any of the above grounds for relief in his state habeas petition despite the fact that they were available to be raised at that time. Accordingly, because these claims would now be barred by Georgia's successive petition rule, this Court will treat these claims as no basis for federal habeas relief absent a showing of cause and prejudice, or a fundamental miscarriage of justice based on actual innocence. *Id.* at 1306. Prescott fails to allege cause for, or prejudice resulting from, his failure to raise these claims at the proper time during his state court proceedings or demonstrate that he is actually innocent of the charges. Accordingly, they should be denied as procedurally defaulted.

## IV.  CONCLUSION

For the foregoing reasons, Prescott's motion for relief pursuant to 28 U.S.C. § 2254 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  3rd  day of August, 2009.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA